United States District Court
District of Massachusetts

|  |  |
|---|---|
| CROSBY LEGACY COMPANY, LLC, ) <br> d/b/a PHILIP CROSBY ASSOCIATES, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TECHNIPFMC PLC, ) <br> ) <br> Defendant. ) | Civil Action No. <br> 18-cv-10814 |

MEMORANDUM & ORDER

**GORTON, J.**

Pending before the Court is the Report and Recommendation of United States Magistrate Judge, Jennifer C. Boal ("the R&R") on the cross-motions for summary judgment of plaintiff Crosby Legacy Company, Inc., d/b/a Philip Crosby Associates ("PCA"), and defendant TechnipFMC plc ("TechnipFMC").

After careful consideration of the R&R and the parties' objections thereto, this Court will accept and adopt the recommendations except insofar as they relate to Count II of the complaint.

Count II of the complaint alleges that TechnipFMC breached a Master Service and License Agreement entered into in 2014 ("the 2014 contract"). In its motion for summary judgment, TechnipFMC argues, for the very first time in the course of this litigation, that it was not a party to that contract. Rather,

-1-

defendant contends that: 1) the 2014 contract was between PCA and FMC Technologies, Inc. ("FMC"), which later merged with another company to become TechnipFMC; 2) FMC did not "disappear" after the merger but instead remains in existence as a wholly owned subsidiary of TechnipFMC; and 3) FMC is thus the proper party to sue regarding any alleged breaches of the 2014 contract.

With respect to Count II, the magistrate judge expressed her recommendation in the alternative: that this Court 1) award summary judgment in favor of defendant because plaintiff failed to show that TechnipFMC (as opposed to FMC) is liable for the obligations under the 2014 agreement; or 2) deny summary judgment because genuine issues of material fact remain regarding whether either party breached any contractual provisions.

This Court declines to rule in favor of defendant on grounds raised for the very first time in its memorandum in support of its motion for summary judgment. A defendant's failure to plead an affirmative defense generally results in waiver. FDIC v. Ramírez-Rivera, 869 F.2d 624, 626 (1st Cir. 1989). To allow otherwise would frustrate the purpose of asserting an affirmative defense, which is to

> give the opposing party notice of the defense and a chance to develop evidence and offer arguments to controvert the defense.

-2-

Wolf v. Reliance Standard Life Ins. Co., 71 F.3d 444, 449 (1st Cir. 1995).

Several circuits permit a defendant to raise affirmative defenses for the first time in a motion for summary judgment so long as the delay does not prejudice the plaintiff. Lam v. City of San Jose, 869 F.3d 1077, 1087 (9th Cir. 2017); see also Rogers v. I.R.S., 822 F.3d 854, 856 (6th Cir. 2016); Aetna Cas. & Sur. v. Aniero Concrete, 404 F.3d 566, 603 (2d Cir. 2005); Barker v. Norman, 651 F.2d 1107, 1128 (5th Cir. 1981). Even if the First Circuit Court of Appeals were, however, to adopt such a rule, the circumstances at hand would not warrant the assertion of the purported affirmative defense now.

This case was pending for six years before TechnipFMC raised the issue of FMC's longevity. During that entire hiatus, TechnipFMC has defended against the substantive allegations in Count II (as well as against all other counts) as if it were the proper party-defendant to the suit.[1]

There is no question that plaintiff has been prejudiced by defendant's tardiness. The statute of limitations for a breach of contract claim in Massachusetts is six years. M.G.L. ch. 260, § 2; see Saenger Org., Inc. v. Nationwide Ins. Licensing

---

[1] For example, in its motion to dismiss, defendant argued for the dismissal of Count II only on the grounds that the 2014 contract gave FMC a "perpetual right" to license and use the disputed materials.

-3-

Assocs., Inc., 119 F.3d 55, 64 (1st Cir. 1997). If this Court were to dismiss Count II at this stage, plaintiff would be time-barred from bringing suit against FMC individually for any alleged violations of the 2014 contract.

The Court agrees with the alternative finding of the magistrate judge that genuine issues of material fact remain with respect to breaches of the 2014 contract and will therefore deny summary judgment to both parties on Count II.

Finally, the magistrate judge noted that many of the supporting documents for the summary judgment motions may have been filed under seal inappropriately. In their joint statement in response (Docket No. 220), the parties have come to a partial agreement as to which exhibits should be unsealed and which should remain under seal. The Court will accept and adopt the parties' recommendations. With respect to the exhibits as to which the parties do no agree, they will remain under seal without prejudice to defendant's position that the information therein is not confidential. See In re Gitto Corp., 422 F.3d 1, 6 (1st Cir. 2005) (citing examples where the presumption of public access to court records was limited "to prevent judicial records from being . . . sources of business information that might harm a litigant's competitive standing").

ORDER

For the foregoing reasons,

- after consideration of the objections thereto (Docket Nos. 221 and 222), the Report and Recommendation of Magistrate Judge, Jennifer C. Boal (Docket No. 219) is accepted and adopted with the exception that, with respect to Count II, this Court accepts and adopts the magistrate judge's alternative recommendation that the motions of both parties for summary judgment (Docket Nos. 199, 207) are **DENIED**;

- summary judgment exhibits 2, 6, 8-10, 13, 19, 21, 32, 35, 37, 38, 42, 43, 46, 47, 52, 54-56, 58-63, 65, 66, 71, 75, 77, 83-85, 87-92, 94, 96-98, 131, 133-42, 144-52, 154-60, 162-66, 169, 172, 178, 181, 190, 197, 198, 205, 206, 208-18, 220, 222-26, 230-36, 238, 242, 245, 255 and 256 shall be unsealed;

- the parties shall submit redacted versions of summary judgment exhibits 104 and 201 for public filing on or before Friday, March 28, 2025.

**So ordered.**

_/s/ Nathaniel M. Gorton_
Nathaniel M. Gorton
United States District Judge

Dated: March 5, 2025