United States District Court
District of Massachusetts

| | |
|---|---|
| CROSBY LEGACY COMPANY, LLC,<br>d/b/a PHILIP CROSBY ASSOCIATES,<br><br>Plaintiff,<br><br>v.<br><br>TECHNIPFMC PLC,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No.<br>)  18-10814-NMG<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM & ORDER

GORTON, J.

Before the Court is the motion of defendant TechnipFMC plc ("defendant" or "Technip") for reconsideration (Docket No. 224) of this Court's Memorandum and Order ("the Order") (Docket No. 223) which accepted and adopted the Report and Recommendation ("the R&R") of Magistrate Judge Jennifer C. Boal (Docket No. 219). Specifically, defendant moves the Court to reconsider its decision to accept and adopt Magistrate Judge Boal's alternative recommendation to deny both parties' motions for summary judgment with respect to Count II.

Defendant asserts that the Court should accept and adopt the recommendation to grant summary judgment for defendant on Count II based on the finding that defendant was not a party to the contract at issue. For the reasons outlined below,

-1-

defendant's motion for reconsideration will be allowed and the R&R will be accepted and adopted in full.

## I.   **Background**

On February 6, 2025, Magistrate Judge Boal issued the R&R which recommended, as relevant to the pending motion, allowance of defendant's motion for summary judgment with respect to Count II of the complaint.  Count II alleges that defendant breached a Master Service and License Agreement that the parties entered into in 2014 ("the 2014 Agreement").  The Magistrate Judge found that defendant 1) was a company newly created from a merger of several existing companies and not a party to the 2014 Agreement, 2) was not the successor in interest of FMC Technologies, Inc. ("FMC"), the original party to the 2014 Agreement and therefore 3) could not be sued for its breach.  Magistrate Judge Boal recommended that, if the Court disagreed with her reasoning, it should instead deny both parties motions for summary judgment.

Both parties timely submitted objections to the R&R.  Plaintiff contended that defendant had waived any argument that it was not a party to the 2014 Agreement by failing to raise that argument until six years into the litigation.  On March 5, 2025, this court entered an order generally accepting and adopting the R&R but specifically, accepting Magistrate Judge Boal's alternative recommendation with respect to Count II, to

-2-

deny both parties' motions for summary judgment. The Order found that defendant had not affirmatively pled that it was not a party to the contract and therefore had waived that defense.

The following day, defendant submitted the present motion for reconsideration. It noted that the court had issued its order one day before defendant's reply to plaintiff's objections were due. Defendant asserts that, because plaintiff's waiver argument had not been raised before its objection to the R&R, the Court's decision in the absence of defendant's argument was highly prejudicial and warrants reconsideration.

## II.  Motion to Reconsider

In its motion for reconsideration defendant denies that it was required to plead affirmatively that it was not a party to the 2014 Agreement. It asserts that, to the contrary, such a defense is a negative defense such that the relevant burden of proof lies with plaintiff and that it adequately denied being a successor to FMC in its Answer.

### A. Legal Standard

Fed.R.Civ.P 59(e) allows a party to move the court to reconsider or alter a judgment. Relief under Rule 59(e) should be granted under very narrow circumstances, including when the original judgment relied on manifest error of law. Biltcliffe v. CitiMortgage, Inc., 772 F.3d 925, 930 (1st Cir. 2014). A

-3-

motion for reconsideration under Rule 59(e) is not a mechanism to restate old arguments or undo a procedural error. Id.

Fed.R.Civ.P. 8(c)(1) requires that responsive pleadings affirmatively state any affirmative defenses. An affirmative defense bars the right to recovery even if facts alleged in the complaint are admitted. Wolf v. Reliance Standard Life Ins. Co., 71 F.3d 444, 449 (1st Cir. 1995). Defendants bear the burden of proving affirmative defenses. Comerica Bank & Tr., N.A. v. Habib, 433 F. Supp. 3d 79, 91 (D. Mass. 2020). By contrast, a negative defense is one that controverts an element of the plaintiff's claim and therefore need not be pled in an answer to avoid waiver. In Re Atrium Med. Corp., No. MDL 16-MD-2753-LM, 2021 WL 11669733, at *2 (D.N.H. Apr. 8, 2021).

**B. Application**

Here, the Court acknowledges that it mischaracterized defendant's contention that it was not a party to the contract as an affirmative defense. Count II alleges a breach of the 2014 Agreement, which places the burden on plaintiff to prove the existence of a contract between the parties. Power v. Connectweb Techs., Inc., 740 F. Supp. 3d 39, 55 (D. Mass. 2024). Defendant was not obliged to plead an affirmative defense to controvert that key element of plaintiff's claim.

Plaintiffs also assert that the subject defense should have been raised earlier in the litigation, for instance in the

-4-

defendant's motion to dismiss.  In ruling on a motion to
dismiss, however, the court accepts as true all well-pled
factual allegations in the complaint.  Ocasio-Hernandez v.
Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011).  Here, plaintiff
pled facts that, if proven, would establish that defendant was a
party to the 2014 Agreement.  Because that is a question of
fact, the defendant required discovery to uncover facts
sufficient to controvert those allegations.  Defendant's only
means of raising that defense before its motion for summary
judgment was to deny the allegations in the complaint.

## IV.  Reconsideration of the R&R

Having now found that defendant properly raised the defense
that it was not a party to the contract, the Court will review
de novo the R&R's recommendation to grant summary judgment for
defendant with respect to Count II. Fed.R.Civ.P. 72(b)(3).

Plaintiff objects to the recommendation on the basis that
the evidence supports a finding that defendant is liable for
breaches of the 2014 Agreement.  It argues that while FMC may
still exist on paper, it is a shell corporation controlled
entirely by defendant which, as FMC's successor and new
controlling entity, is bound by the 2014 Agreement.  It argues
that, at the very least, the evidence creates a genuine issue of
material fact as to the corporate structure that resulted from
the merger.

-5-

Magistrate Judge Boal addressed such concerns in the R&R. She found that defendant had filed annual statements, a 2024 Certificate of Good Standing from the Delaware Secretary of State and an SEC 10-K describing the merger that all supported FMC's survival.  The Magistrate Judge found that such evidence supported a finding that defendant was not the successor in interest to FMC and that plaintiffs relied on press releases and statements from employees to suggest the opposite.  She found that such reliance did not create a genuine issue of material fact when compared to the weight of the evidence provided by defendant.

The Court agrees with the Magistrate Judge's rationale and will therefore accept and adopt her recommendation to grant summary judgment in defendant's favor with respect to Count II.

### ORDER

For the forgoing reasons, defendant's motion for reconsideration (Docket No. 224) is **ALLOWED** and the Report and Recommendation of Magistrate Judge Boal (Docket No. 219) is accepted and adopted in full.

**So ordered.**

Nathaniel M. Gorton
Senior United States District Judge

Dated: Octboer /5 , 2025

-6-