United States District Court
District of Massachusetts

CROSBY LEGACY COMPANY, LLC,        )
d/b/a PHILIP CROSBY ASSOCIATES,    )
                                   )
          Plaintiff,               )
                                   )        Civil Action No.
     v.                            )        18-10814-NMG
                                   )
TECHNIPFMC PLC,                    )
                                   )
          Defendant.               )
                                   )

MEMORANDUM & ORDER

GORTON, J.

Before the Court is the motion of plaintiff, Crosby Legacy Company, LLC ("Crosby" or "Plaintiff"), for reconsideration of this Court's Order allowing the motion in limine of defendant TechnipFMC plc ("Technip" or "defendant") to exclude testimony on disgorgement damages (Docket No. 320). For the following reasons that motion will be denied.

I.    Background

Technip's motion in limine (Docket No. 255) sought to exclude from trial testimony of plaintiff's expert Paul Marcus with respect to his disgorgement theory of damages. Mr. Marcus was expected to testify that Technip, through the unauthorized use of Crosby's proprietary materials, devised its own internal training program which resulted in efficiency savings of about

-1-

$40 million.  Defendant sought to exclude that testimony from trial on the grounds that Massachusetts law does not entitle Crosby to such alleged savings as a remedy in this case.  The Court allowed that motion.

Plaintiff now moves for reconsideration of that issue, asserting that disgorgement is a proper measure of damages under claims of unjust enrichment and violations of M.G.L. c. 93A ("Chapter 93A").

## II.  Discussion

Crosby first asserts that disgorgement damages are allowed under its theory of unjust enrichment. Massachusetts Eye & Ear Infirmary v. QLT Phototherapeutics, Inc., 552 F.3d 47 (1st Cir. 2009), for the proposition that the appropriate measurement of damages in an unjust enrichment action is the approximate value of the benefit conferred upon the defendant. That case involved a complex pharmaceutical patent dispute in which defendant's profits were a direct result of the alleged collaboration between the parties.  The Court found that disgorgement of profits was the appropriate method to measure the value of the benefit conferred upon the defendant, in part because such a measurement is the "preferred method to express the value conferred in the pharmaceutical context." Id. at 68.

This case is clearly distinguishable.  Here, unlike the defendant in Massachusetts Eye & Ear, Technip did not "profit"

-2-

in the traditional sense.  Rather, Crosby alleges only that Technip saved money company wide that it otherwise would not have recouped but for the alleged misappropriation.  Moreover, unlike the plaintiff in Massachusetts Eye & Ear, Crosby cannot claim that it is entitled to those alleged savings which therefore cannot constitute a measurement of damages for unjust enrichment. See AnywhereCommerce, Inc. v. Ingenico Inc., 665 F. Supp. 3d 181, 209 (D. Mass. 2023) (concluding that disgorgement damages were unavailable in a breach of contract action where plaintiff could not demonstrate that, absent the breach, it would have received those profits itself).

Crosby next asserts that it is entitled to disgorgement damages under its Chapter 93A claim.  While using disgorgement of profits as measurement of damages is not entirely barred in Massachusetts courts, it is frowned upon in Chapter 93A cases when, as is the case here, a measurement of lost profits is readily available. See Atl. Rsch. Mktg. Sys., Inc. v. Troy, No. CIV.A.07-11576-PBS, 2010 WL 1904849, at *6 (D. Mass. May 11, 2010).

Crosby relies on Jet Spray Cooler, Inc. v. Crampton, 377 Mass. 159, 159, 385 N.E.2d 1349, 1351 (1979), which concerned the misappropriation of trade secrets and the ensuing profit reaped by defendant.  For the same reasons explained above, Technip's alleged savings in this case are entirely

-3-

distinguishable from the traditional profits reaped in <u>Jet Spray Cooler</u>.  The Court reaffirms that disgorgement of profits is not an appropriate measurement of damages for the Chapter 93A claim.

Finally, Crosby asserts that expert report of Mr. Marcus is sufficiently reliable under Federal Rule of Evidence 702.  The Court reaffirms its ruling that the data and methodology relied upon by Mr. Marcus were insufficient to satisfy the requirements of Rule 702.

## ORDER

For the forgoing reasons, the motion for reconsideration (Docket No. 320) is **DENIED**.


**So ordered.**



_____
Nathaniel M. Gorton
Senior United States District Judge

Dated: July 17, 2026