United States District Court
District of Massachusetts

| | | |
|---|---|---|
| CROSBY LEGACY COMPANY, LLC, d/b/a PHILIP CROSBY ASSOCIATES, Plaintiff, v. TECHNIPFMC PLC, Defendant. | ) | Civil Action No. 18-10814-NMG |

**MEMORANDUM & ORDER**

**GORTON, J.**

Pending before the Court is an emergency motion of plaintiff Crosby Legacy Company, LLC ("plaintiff" or "Crosby") for injunctive relief pursuant to Fed.R.Civ.P. 65 (Docket No. 351). Crosby moves for a permanent injunction to enjoin defendant TechnipFMC plc ("defendant" or "TechnipFMC") from using what Crosby considers to be propriety quality training materials. For the following reasons that motion will be denied.

## I. Background

The factual background of this case has been well documented throughout its eight-year lifespan and need not be recited here in depth. See, e.g., Docket No. 219. The following are relevant details that pertain to the pending motion.

Plaintiff presented four claims of liability during the recent jury trial: 1) breach of contract (Count I); 2) breach of the implied covenant of good faith and fair dealing (Count III); 3) intentional misrepresentation or fraud (Count IV); and 4) violations of M.G.L. c. 93A ("Chapter 93A") (Count V). The jury found defendant liable for misrepresentation and awarded plaintiff $1,850,000 in damages. It also found that defendant committed an unfair or deceptive trade practice but that the practice occurred outside of the Commonwealth of Massachusetts and therefore did not violate Chapter 93A. The verdict did not include any factual findings.

## II. Motion for a Permanent Injunction

### A. Legal Standard

To prevail on a claim for the issuance of a permanent injunction, plaintiff must show 1) actual success on the merits of its claims, 2) that it would suffer irreparable injury in the absence of injunctive relief, 3) that the harm suffered from defendant's conduct exceeds the harm to defendant of imposing an injunction and 4) that the public interest would not be harmed by such an imposition. Doe v. Rhode Island Interscholastic League, 137 F.4th 34, 40 (1st Cir. 2025).

### B. Application

With respect to the first factor, Crosby asserts that it succeeded on the merits of its claim because the

misrepresentation verdict was premised upon a finding that TechnipFMC misappropriated Crosby's proprietary materials. Crosby's reasoning is as follows:

a) the misrepresentation and Chapter 93A counts were premised upon the same factual theory;

b) because the jury found that TechnipFMC committed an unfair or deceptive trade practice outside of the Commonwealth of Massachusetts, that practice must have been the misappropriation of Crosby's licensed materials; and

c) the factual basis for the finding of a misrepresentation must therefore be premised upon that same misappropriation.

The Court is underwhelmed by such attenuated reasoning. When the basis for a jury verdict is not explicit, any potential reason for that verdict is open to speculation. Garcia v. State Ins. Fund Corp., 169 F.4th 13, 24 (1st Cir. 2026). Here, Crosby presented to the jury at least two theories of misrepresentation or fraud. The first, that TechnipFMC intentionally misrepresented its intention to enter into an agreement so that it could misappropriate Crosby's materials, is the theory upon which this motion is predicated. The second theory, however, was that individual TechnipFMC employees intentionally misrepresented their interest in entering into a contract so that TechnipFMC could have more time to develop its own training

materials. Nothing in the record indicates that either theory did or did not impel the jury verdict and Crosby has therefore failed to show that it succeeded on that claim.

In any event, even if the jury had found such misappropriation, plaintiff would not be entitled to injunctive relief. A harm that is fully compensable by money damages is not irreparable. K-Mart Corp. v. Oriental Plaza, Inc., 875 F.2d 907, 914 (1st Cir. 1989). The jury award of $1,850,000 is intended to compensate Crosby for the injury sustained by TechnipFMC's misrepresentation, and the Court concludes that such relief is adequate without including the requested injunction.

**ORDER**

For the forgoing reasons, the emergency motion for injunctive relief (Docket No. 351) is **DENIED**.

**So ordered.**

Nathaniel M. Gorton
Nathaniel M. Gorton
Senior United States District Judge

Dated: August 20, 2026